## DIAZ v. UNITED STATES.

(Circuit Court of Appeals, First Circuit.
November 4, 1926.)

No. 1906.

**1. Criminal law ⬤1160.**

Denial of motion for new trial presents no question of law.

**2. Intoxicating liquors ⬤235.**

Certificate of municipal court relating to defendant's acquittal on charge of violation of automobile law *held* properly excluded, in prosecution for possession and transportation of liquor.

**3. Criminal law ⬤1170(4).**

Contention that defendant was not allowed to fully cross-examine witness *held* without merit, where witness later was permitted to testify concerning same matter.

**4. Criminal law ⬤984.**

Defendant, convicted of possession and transporting intoxicating liquors, was improperly sentenced to pay fine on both counts, where evidence shows acts of possession and transportation were the same.

In Error to the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Braulio Diaz was convicted of unlawful possession and transportation of intoxicating liquor, and he brings error. Remanded with directions.

Hugh R. Francis and B. F. Sanchez, both of San Juan, Porto Rico, for plaintiff in error.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (John L. Gay, U. S. Atty., and Jesus A. Gonzalez, Asst. U. S. Atty., both of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an information brought by the United States District Attorney for Porto Rico, charging the defendant and others, in the first count, with the unlawful possession of intoxicating liquor, to wit, one 10-gallon keg of rum, one 5-gallon can of rum, and one 5-gallon can containing about one gallon of rum. In the second count they were charged with the unlawful transportation of the same described liquor over a certain highway in a Ford car. Diaz was found guilty, and was sentenced to pay a fine of $200 on the first count, and $300 and costs on the second count.

15 F.(2d)—24

Before sentence the defendant moved for a new trial. The motion was denied and no exception was taken. In his assignment of errors the defendant complains that the court erred (1) in not allowing the motion for a new trial; (2) in not admitting as evidence Exhibit A for the defendant; and (3) in not allowing a full cross-examination of the policeman, Davila, a witness for the government.

[1, 2] The denial of the motion for a new trial presents no question of law and besides no exception was taken to its denial. If the certificate of the acting secretary of the municipal court of Fajardo, appearing on page 11 of the record, is Exhibit A in regard to which the defendant claims the court erred in not admitting it in evidence, the second complaint of error is without merit. The certificate of the secretary of the municipal court of Fajardo, Exhibit A, had nothing to do with the charge on which the defendant was being tried. So far as the certificate of the municipal court discloses, the matter there charged related to a violation of the automobile law by the defendant, of which he had been acquitted. It had nothing to do with the possession and transportation of the liquor. It was properly excluded.

[3] In the third assignment the defendant complains that he was not allowed fully to cross-examine the witness Davila. The only thing that appears in the record as to this is that at one stage of the cross-examination the witness was not allowed to state that the defendant was not the only man in the Ford truck, and the defendant excepted. But further along in the evidence it appears that the same witness was permitted on cross-examination to state that two others, Rivera and Estrada, were also in the truck. The defendant, therefore, takes nothing by this assignment.

[4] It does, however, appear on the face of the record that the liquors possessed under the first count and the liquors charged to have been transported under the second count were the same, and the evidence discloses that the acts of possession and transportation were the same. Such being the case, it is clear that the defendant should not have been sentenced to pay a fine on both counts, and that the case should be remanded to the District Court, with directions to remit the fine on one of the counts.

The case is remanded to the District Court, with directions to remit the fine on one of the counts, and, when so amended, the judgment of the District Court is affirmed.